# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SHAWN MURINKO, and DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems,<br><br>Plaintiffs,<br>v.<br>CHERYL STRANGE, in her official capacity as Secretary of the Washington State Department of Social and Health Services, and SUSAN BIRCH, in her official capacity as Director of the Washington State Health Care Authority,<br>Defendants | NO. 19-cv-00943-MJP<br><br>ADAPTED MODEL STIPULATED PROTECTIVE ORDER |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

ADAPTED MODEL STIPULATED PROTECTED ORDER NO. 19-cv-00943-MJP

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

    A.)    Social security numbers (5 U.S.C. § 552a(b)); LCR 5.2a(3)).

    B.)    Personal information in files maintained for clients of public institutions or welfare recipients (42 U.S.C. § 671(a)(8); Wash. Rev. Code 42.56.230(1); Wash. Rev. Code 74.04.060);

    C.)    Health care information (Wash. Rev. Code 70.02.010 (16));

    D.)    Recordsrelating to mental illness and treatment (Wash. Rev. Code 71.05.390; Wash. Rev. Code 71.34.340);

    E.)    Credit card numbers, debit card numbers, electronic check numbers, card expiration date, bank, or other financial account numbers. LCR 5.2(a)(4).

    F.)    Personal information about agency employees, appointees, or elected officials that would violate the right to privacy (Wash. Rev. Code 42.56.230(3)); See e.g. *Brown v. Seattle Public Schools*, 71 Wash. App. 613 (1993).

    G.)    Documents containing information regarding the identity of persons making reports regarding vulnerable adults, and all files, reports, records, communications, and working papers used or developed in the investigation or provision of protective services is subject to protection under state law (Wash. Rev. Code 74.34.095).

    H.)    Other material protected by federal or state statute or regulation or court rule.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

ADAPTED MODEL STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material.</u> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, oral or written communications that qualify. Prior to filing designated material with the court, the parties must confer to limit designations to only those parts of materials, documents, items, oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page of any document containing confidential material. Documents produced in a native format that contain confidential material must be labeled confidential in a manner appropriate to the type of document. Additionally, documents containing information regarding the identity of persons making reports regarding vulnerable adults is subject to protection under state law, Wash. Rev. Code 74.34.095. In order to obtain any of the information listed in Wash. Rev. Code 74.34.095(1) the receiving party must obtain a court order and the court may only issue such an order upon finding that disclosure is essential to the administration of justice and will not endanger the life or safety of the vulnerable adult or individual who made the report. The court may place restrictions on the disclosure as the court deems proper.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may either schedule a conference call with the court or file and serve a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if

STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

applicable). All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If Plaintiffs or Plaintiffs' counsel is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," they must:

(a) promptly notify the Defendants' counsel in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The parties stipulate to entry of an order pursuant to Fed. R. Evid. 502(d). When a producing party gives notice to receiving parties that certain inadvertently produced material is

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

7

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d), disclosure of privileged information shall not constitute a waiver of attorney-client privilege or work product protection in this litigation or in any other federal or state proceedings. The parties have conferred on an appropriate non-waiver agreement and order under Fed. R. Evid. 502 or express "claw-back" agreement. To facilitate the production of discovery, the parties agree to a claw-back provision as follows:

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, and/or is of a confidential nature because of privacy interests involved or other legal protections, the party making the claim may notify any party that received the information of the claim and the basis for it. If the receiving party (regardless of whether he or she has been notified) notices that a privileged, protected, and/or confidential document has been disclosed, the receiving party will place that document into a file without reading further. After being notified, or after noticing the document that is privileged, protected, and/or confidential, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

8

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

10. PRIVILEGE LOGS

The parties agree that privilege logs shall be provided on a rolling basis simultaneously with each disclosure. The privilege log shall include a unique identification number for each document, the basis for the claim (attorney-client privileged and/or work product protection), and the authority for the basis of the claim. In addition, the privilege log should identify the document type, page count, date on the face of the document, document title/email subject; author, recipient, cc and bcc. For string emails the parties agree to provide all named individuals. Should the parties provide insufficient information for the purpose of evaluation of the privilege claim asserted, the receiving party may request additional information consistent with the Fed. R. Civ. P.

11. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

//
//
//
//
//
//
//
//

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

9

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

IT IS SO STIPULATED, AND PRESENTED BY COUNSEL OF RECORD.

DATED:                      By: ROBERT W. FERGUSON
                                        Attorney General

_____
NISSA IVERSEN, WSBA No. 46708
KATHRYN KRIEGER, WSBA No. 47037
Assistant Attorneys General
Attorneys for Defendants

Office of the Attorney General
7141 Cleanwater Drive SW
PO Box 40124
Olympia, WA 98504-0124
Telephone: (360) 586-6565
Fax: (360) 586-6657
E-mail: nissa.iversen@atg.wa.gov
            kathryn.krieger@atg.wa.gov

DATED:                      By: DISABILITY RIGHTS WASHINGTON

           s/*Susan Kas*
SUSAN KAS, WSBA No. 36592
SARAH EATON, WSBA No. 46854
315 – 5th Avenue South, Suite 850
Seattle, WA 98104
Telephone: (206) 324-1521
Fax: (206) 957-0729
Email: susank@dr-wa.org
          sarahe@dr-wa.org

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

10

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

PAUKERT & TROPPMANN, PLLC

_____s/*Andrew Biviano*_____
Andrew Biviano, WSBA # 38086
522 W. Riverside Avenue, Suite 560
Spokane, WA 99201
Tel. (509) 232-7760; Fax (509) 232-7762
Email: abiviano@pt-law.com

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on ___ [date] in the case of *Murinko, et al. v. Strange, et al.*, No. 19-cv-00943-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

11

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privileged applicable to those documents, including the attorney client privilege, attorney work product protection, or any other privilege or protection recognized by law.

DATED this 15th day of November, 2019.

_____
Marsha J. Pechman
United States District Judge

ADAPTED MODEL
STIPULATED PROTECTED ORDER
NO. 19-cv-00943-MJP

12

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565